UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESTYNEE TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | Civil Action No. 3:20-CV-01416-X |
| v. | § | |
| | § | |
| ROLLE LAW FIRM | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Destynee Taylor sued Rolle Law Firm for a host of claims stemming from circumstances surrounding her employment at and termination from the firm. Rolle filed a Motion to Dismiss [Doc. No. 7] each cause of action. For the reasons below, the Court **DENIES** the motion to dismiss.

### I. Factual Background

Taylor worked at Rolle Law Firm. After informing the firm of her pregnancy, Taylor alleges that members of the firm subjected her to harassing, inappropriate, and discriminatory conduct. The employment relationship deteriorated until Rolle finally terminated Taylor's employment at the firm. Taylor then filed a charge of discrimination with the Equal Employment Opportunity Commission (Commission), received a right to sue letter, and subsequently filed this lawsuit.

### II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the

light most favorable to the plaintiff."[1]  To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5]

### III. Analysis

### A. Title VII Statute of Limitations

A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the Commission.[6]  The ninety-day period is strictly construed and is a precondition to filing suit in district court.[7]

Taylor's complaint alleges that:

All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[6] *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009).

[7] *Id.*

2

Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.[8]

Rolle argues that this pleading lacks sufficient factual allegations to state a claim for relief, because it does not allege the specific date Taylor received the right to sue letter.[9]  Rolle identified, and the Court found, only one Fifth Circuit case opinion where a Title VII case was dismissed at the motion to dismiss stage on the 90-day limitations period issue.[10]  But in that case, the plaintiff's complaint alleged that the Commission mailed the right to sue letter on a specific date that was 98 days before he filed the lawsuit.  In other words, that plaintiff pled their way out of court.  No such specific date issues are present here.  The Court has carefully reviewed the pleadings and the caselaw and hereby DENIES Rolle's motion to dismiss as to Title VII's statute of limitations.

## B. Sex Discrimination

Under Title VII, it is unlawful "for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because

---

[8] Doc. No. 1 at 2.

[9] Rolle also alleges that the Commission mailed the right to sue letter on February 19, 2020 and uses several mailbox rule presumptions to argue that Taylor filed her lawsuit late.  Doc. No. 7 at 8.  Use of these presumptions, however, requires sufficient supporting evidence.  *Duron v. Albertson's LLC*, 560 F.3d 288, 290–91 (5th Cir. 2009).  But Rolle provided no evidence supporting the alleged mailing date, and, even if it did, the Court is not inclined to consider evidence on this motion to dismiss.  *See Gamel v. Grant Prideco, LP*, 625 Fed. App'x 690, 693–94 (5th Cir. 2015) (reiterating that a motion to dismiss is converted into a motion for summary judgment when the district court elects to consider matters outside the pleadings).

[10] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002).

of such individual's . . . sex."[11]   The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff," which can be proven through direct or circumstantial evidence.[12]

Rolle argues that Taylor fails to state a claim because she did not allege facts sufficient to state a prima facie case under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*.[13]   But Taylor clarified that her factual allegations are direct evidence of sex discrimination.  The *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination, a distinction Rolle completely ignored.[14]   Direct evidence of discrimination is "evidence that, if believed, proves the fact of intentional discrimination without inference or presumption."[15]   To qualify as direct evidence of sex discrimination, "a comment must be directly related to sex-based animus; proximate in time to the termination; made by an individual with authority over the employment decision; and related to the employment decision."[16]

Because Rolle did not address whether Taylor pled sufficient factual allegations to state a claim for sex discrimination based on direct evidence, the Court **DENIES** the motion to dismiss her sex discrimination claim.

---

[11] 42 U.S.C. § 2000e-2(a)(1).

[12]  *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (quotation marks omitted).

[13] 411 U.S. 792 (1973).

[14] *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985).

[15] *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996).

[16] *Brockie v. AmeriPath, Inc.*, 273 Fed. App'x 375, 378 (5th Cir. 2008) (citing *Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999)).

## C. Sexual Harassment

Rolle also argues that Taylor failed to state a claim for sexual harassment. After carefully reviewing the pleadings, the Court find that Taylor satisfied the pleading standards for sexual harassment. Therefore, the Court **DENIES** the motion to dismiss Taylor's sexual harassment claim.

## D. Race Discrimination

Taylor pled claims for race discrimination under both Title VII and Section 1981. Rolle moved to dismiss both claims.

*Title VII:*

Under Title VII, it is unlawful "for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race."[17]   Plaintiffs can demonstrate racial discrimination through circumstantial evidence, which requires proof that she "(1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably."[18]

Rolle argues that Taylor failed to state a claim by neglecting to plead factual allegations supporting the second and fourth elements. The Court disagrees. Taylor

---

[17] 42 U.S.C. § 2000e-2(a)(1).

[18] *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

pled that she worked for Rolle as a legal secretary before being demoted.[19]  Taken as true, employment as a legal secretary plausibly indicates qualification to be a legal secretary.  Further, Taylor alleged that she was replaced by a white employee, *i.e.* someone outside her protected class.[20]  Contrary to Rolle's contention, replacement by someone outside the protected class satisfies the fourth element.[21]  Accordingly, the Court **DENIES** the motion to dismiss Taylor's Title VII race discrimination claim.

*Section 1981:*

Congress enacted 42 U.S.C. § 1981 to prohibit race-based discrimination in, among other things, the making and enforcement of contracts.[22]  Rolle argues that Taylor failed to state a claim for race discrimination under section 1981.  After reviewing the pleadings, the Court **DENIES** the motion to dismiss this claim.

## E. Retaliation

Title VII also prohibits retaliation against an employee for reporting or complaining about violations of Title VII.[23]  The elements of a Title VII retaliation claim are: (1) the plaintiff engaged in an activity protected by Title VII; (2) was subjected to an adverse employment action; and (3) a causal link exists between the

---

[19] Doc. No 1 at 4.

[20] *Id.* at 5.

[21] *Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, 689 Fed. App'x 374, 375 (5th Cir. 2017) (per curiam) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)) ("Williams is correct that a similarly situated employee who was not terminated is not the only way to establish a *prima facie* case of discrimination. He may also show that he was replaced by someone outside of the protected class.").

[22] 42 U.S.C § 1981(a).

[23] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006).

protected activity and the adverse employment action.[24]  Rolle argues that Taylor failed to state a claim by neglecting to allege facts supporting the first and third elements.

After reviewing the pleadings, the Court finds that Taylor pled sufficient facts to state a claim for retaliation.  Specifically, Taylor alleged that she reported Chad Eaton to the state bar for conduct she identified as discriminatory and that Larry Rolle identified her state bar report as the reason why he removed Taylor's mail-opening duties.[25]  Accordingly, the Court **DENIES** the motion to dismiss the retaliation claim.

### F. State Law Claims

Taylor's complaint includes state law causes of action for Intentional Infliction of Emotional Distress and Negligent Hiring, Supervision and Retention.[26]  Rolle argues that Taylor failed to plead factual allegations sufficient to state a claim under either theory of liability.  The Court reviewed the pleadings and concludes that they are sufficient to state a claim for both state law causes of action.  Therefore, the Court **DENIES** the motion to dismiss the state law claims.

---

[24] *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

[25] Doc. No. 1 at 4.

[26] *Id.* at 6–7.

## IV. Conclusion

For the forgoing reasons the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED** this 25th day of February, 2021.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE